## THE STATE, EX REL. GEORGE B. ADAMS, PROSECUTING ATTORNEY, V. HENRY C. PETERSON.

1. *Office of Prosecuting Attorney in two Judicial Circuits—Act of March 21, 1861, Construed.*—The appellant was elected prosecuting attorney for the 35th judicial circuit. Afterwards, and previous to the commencement of his term of office, the legislature separated a portion of the 35th circuit, including the county in which he resided, from the other counties and constituted such portion a new judicial circuit numbered 40. The act provided that the Governor should appoint a prosecuting attorney for the new district, to serve until the official term of the appellant should begin by virtue of his election, when he should be the prosecut‐ing attorney for the 40th as well as the 35th district. The 40th was to be but tem‐porary, and should, after a stipulated time, revert to the 35th. *Held,* That he was prosecuting attorney in both circuits after his elective term commenced until the 40th became extinct; and he had a right when doing business in the 40th to designate himself as the prosecuting attorney thereof. When the new circuit ceased to exist he remained the attorney for the entire 35th.

2. *Relation as to an Intruder in Such Case.*—Such prosecuting attorney has a right to be a relator where in such case he claims that another has intruded into his office.

Filed June 22, 1881.

Appeal from DeKalb Circuit Court.

Opinion of the court by Mr. Justice Woods.

The question in this case is whether the relator and appellant, George B. Adams, or the appellee, Henry C. Peterson, is the prose‐cuting attorney of the 35th judicial circuit of the State. There is no material dispute in reference to the facts on which the decision must rest. We give a summary of them.

Prior to March 1, 1879, the 35th judicial circuit was composed of the counties of Noble, DeKalb and Steuben. John W. Bixler, a resident of Noble county, was at that time the prosecuting attor‐ney of the circuit, entitled by his election and commission to hold the office until October 28, 1879. At the general election of 1878 the relator, Adams, a resident of Steuben county, was duly elected, and on the 24th day of October was duly commissioned to succeed Bixler in said office, and to hold the same for the period of two years, to-wit: from October 28, 1879, until October 28, 1881.

By an act of the Legislature approved March 21, 1879, the counties of Steuben and DeKalb were declared to constitute the

fortieth circuit. Among the provisions of that act are the following:

"SEC. 5. The Governor shall appoint a judge and prosecuting attorney for said circuit, who shall receive and be paid such salaries as are paid to other judges and prosecuting attorneys.

"SEC. 6. The prosecuting attorney elect, of the thirty-fifth circuit, whose term of office has not yet commenced, and who resides in the county of Steuben, shall be the prosecuting attorney of the fortieth judicial circuit, after he qualifies and his term commences.

"SEC. 7. The prosecuting attorney appointed by the Governor shall hold his office until the prosecuting attorney elect qualifies, and his term commences.

"SEC. 9. * * * There is, therefore, an emergency for the immediate passage of this act, and the same shall be in force from and after its passage: *Provided, however,* That the circuit thus formed only continue until the 1st day of October, 1880, when said counties of Steuben and DeKalb shall then become and form a part of the thirty-fifth circuit of the State of Indiana, and the courts therein shall thereafter be held as they are now required by law to be held."

By the 2d, 3d and 4th sections, the terms of court in said counties were fixed, and so fixed, as that the courts of the two circuits were or were liable to be in session at the same time.

Upon the passage of this act, the Governor appointed and commissioned said Adams as the prosecuting attorney for said fortieth circuit, and he, accepting said commission, qualified and entered upon and continued in the discharge of the duties of said office until October 28, 1879, when he qualified under the commission issued to him by virtue of his said election, taking and indorsing the proper oath of office on said commission, and giving bond in the sum of $5,000, to the approval of the judge of the thirty-fifth circuit. After thus qualifying, he continued to prosecute the pleas of the State in the counties of Steuben and Dekalb until October 1, 1880, and to all indictments and informations, and in all official transactions requiring his official signature, he continued to sign and to designate himself as the prosecuting attorney of the fortieth "circuit," and, as such, drew and receipted for his salary and the fees

appertaining to said office, in said circuit; and on February 3, 1881, still styling and signing himself as prosecuting attorney of said fortieth circuit, and not of the thirty-fifth, he prosecuted in the Steuben Circuit Court the pleas of the State in the case of the State of Indiana against James N. Carpenter. See *Carpenter* v. *The State* (last term).

The Hon. Hiram S. Tousley, a resident of Noble county, was judge of the 35th circuit, and after the passage of said act continued to serve as such judge in said county of Noble, and is still judge of said circuit. Said Bixler held his office of prosecuting attorney and discharged the duties thereof in Noble county until October 28, 1879, when the Governor appointed David Perew the prosecuting attorney for the 35th circuit, and, a contest having arisen between Bixler and Perew over their respective claims to said office, the same was carried into said court and there settled by agreement of the parties in favor of Perew, who thereafter discharged the duties of said office in said county so long as it remained a separate circuit, and until October 28, 1880.

At the general election in October, 1880, the appellee was elected prosecutor for the 35th circuit and claimed a commission as such for a term commencing October 28, 1880, but received no commission until February 10, 1881, when one was issued to him, under which he qualified and gave bond, and was recognized by the judge of the circuit as the lawful prosecutor, and entered on the duties of the office.

We find no difficulty in deciding this dispute in accordance with what seems to us to have been the plain legislative intention as manifested in the act whereby the 40th circuit was created.

In the case of *Carpenter* v. *The State, supra,* we have already held that said circuit ceased to exist on the first of October, 1880, as in the act it was declared it should.

Upon the creation of that circuit, the existing judge and prosecutor being residents of Noble county, there were vacancies in the offices of both judge and prosecutor in the new circuit, to be filled by appointment. Adams had been elected to succeed Bixler, but it was some months yet before his term should begin. He resided in Steuben county, and for the evident purpose of saving his right to the office to which he had been elected, the 6th and 7th sections

of said act were embodied therein.   The Governor appointed Adams
to fill the vacancy in the prosecutorship for the time which must
elapse before his term by election could begin, but when that term
did begin, and he had qualified under his commission granted in
pursuance of his election, his rights were just the same as if he had
not been appointed to fill the preceding vacancy.   He then entered
by right of election upon a full term of two years, running from
that date, but by force of the 6th section quoted *supra* he was to
be the prosecuting attorney of the fortieth judicial circuit after he
had qualified and his term had commenced; and this clearly means
that by virtue of his election, and by force of said enactment, he
was to be the prosecutor of the new circuit so long as the same
should last, and thereafter of the original 35th circuit until October
28, 1881, when his term will expire by limitation and the term of
the appellee will begin.   By force of this provision, though elected
and commissioned as prosecutor of the 35th circuit, he was in
fact and in law the prosecutor of the 40th circuit, and it was proper
that during the existence of that circuit, and while doing the duties
of his office therein, he should sign and designate himself, as the
prosecutor thereof; and as such should draw his salary and fees.
To say the least, there was no harm in his so designating himself,
and the fact that he did so, under the circumstances, constitutes no
evidence of an abandonment of his right to the office by election.

What was the legal status of the case in Noble county while
the fortieth circuit existed, and what were the merits of the respective
claims of Bixler and Perew, during that time, we need not inquire.
The clashing of the terms of court in the two circuits made it im-
practicable in fact, if it was not impossible in law, that one prose-
cutor should serve in both the circuits; and doubtless it was on
this account that it was provided that for the time being Adams
should be the prosecutor in the new circuit, wherein he resided.
After October 1, 1880, he was prosecutor of the thirty-fifth circuit,
and for all of the counties, as much as Judge Tousley was judge
thereof, and the fact that in February, 1881, in the case of *The
State* v. *Carpenter*, he wrongly claimed to be and signed his name
officially as the prosecutor of the fortieth circuit, did not make him
any the less the sole lawful prosecutor of the thirty-fifth circuit.
If, as he seems to have supposed, the fortieth circuit had still re-

mained in existence, he would still have been the prosecutor thereof, under the law by which that circuit was created, and as already said, he did and could do no harm by so subscribing himself; and equally harmless, in respect to his title to the office, is the misdescription of his official title, made, as it was, under a mistake of law. In all these transactions he has done nothing inconsistent with his strict legal rights and duty, unless it may be in the designation of his office, in the respects stated, but these mistakes, if they can be called such, and they were certainly nothing more, in no manner affected injuriously either public or private rights, and should not be deemed to affect his right to the full term of office for which he was elected and commissioned.

The appellee has assigned cross-errors, and, under these, insists that the information in the case is insufficient, and that Adams cannot prosecute the action on his own relation as prosecuting attorney. The code provides as follows:

"Sec. 749. An information may be filed against any person or corporation in the following cases: *First.* When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, or any franchise within this State, or any office in any corporation created by authority of this State.

"Sec. 750. The information may be filed by the prosecuting attorney in the circuit court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court, or other property authority, or, by any other person on his relation, whenever he claims an interest in the office, franchise or corporation which is the subject of the information.

"Sec. 751. The information shall consist of a plain statement of the facts which constitute the grounds of the proceedings, addressed to the court."

It is unnecessary to determine whether strictly the relator in this case should have presented the information in his official character, or simply as an individual claiming the office. If the latter was the correct mode, then the use of the words " prosecuting attorney," etc., in the information were mere surplusage, and might have been stricken out, but the refusal of the court to strike them out on the appellee's motion constitutes no available error.

The information was sufficient in substance. It showed the re-

lator's election and eligibility to the office, his commission to hold the office for two years from October 28, 1879; that on that day he qualified and gave bond, and that on the 1st day of March, 1881, the appellee unlawfully intruded himself into the office, and at the filing of the information was still usurping and holding the same against the relator, and refusing to surrender.

The answer of the appellee to this information contained a statement in greater detail of the facts hereinbefore stated, but nothing inconsistent therewith.

The demurrer of the appellant to the answer should have been sustained.

The judgment is reversed with costs and with direction to sustain said demurrer.

Joseph A. Woodhull, for appellant.

H. C. Peterson and W. L. Penfield, for appellee.